## SYLVA v. BOND.

September 8, 1840.

*Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.*

The 14th section of the act of 11th March, 1836, relating to this court, allowing judgments to be taken for want of an affidavit of defence, extends only to *express* contracts for the loan or advance of money.

THIS action was brought by Joseph Sylva against Thomas Bond, to June term, 1840, No. 1487. The plaintiff filed the following affidavit of the loan or advance of money under the act of 11th March, 1836, viz:

" Joseph Sylva, the plaintiff, being sworn saith, that he is in the habit of providing seamen for vessels bound on foreign voyages from this port, and that in the latter part of June 1840, being applied to for that purpose, he procured for the ship Courier, whereof Michael Duggan was master, one mate, a cook and eight seamen, and had them duly shipped to perform a voyage from Philadelphia to a port or ports in the Mediterranean, and

[Sylva v. Bond.]

thence to a port of final discharge in the United States; that he saw all the men thus shipped through his agency, on board the said ship Courier, and under the control of the said captain Duggan; that according to the custom of such business, and with the knowledge, and at the desire of the said master of said ship and of her owners, this deponent advanced to the men thus obtained by him, on account of pay, one hundred and sixty-seven dollars; paid for a blank form of shipping articles twenty-five cents, and was entitled to receive for his trouble ten dollars; that he exhibited his accounts for these advances and other items to captain Duggan, at the time he saw all the men on board, and the said account was approved and verified by the said captain Duggan, who directed him to take it to the above defendant, then having the management and control of the said ship, and of the funds for her voyage, by whom it would be immediately paid; that deponent went to the said defendant, exhibited to him the said account so verified by the signature of captain Duggan, and was told by defendant to call on him on the following Monday, and it would be paid; that the said ship Courier, with all the men shipped by this deponent as aforesaid, left the wharf, and sailed down the Delaware on her voyage before the Monday appointed by the defendant for the deponent to call and be paid; that when this deponent did call as he had been requested, the said defendant declared that he was not owner of the ship, was only her consignee, and would not pay the account of deponent, or any part of it."

The defendant filed the following affidavit of defence, viz.:

" Thomas Bond, the defendant in this case, being duly sworn according to law, doth depose and say, that there is a just and legal defence to the entire claim of the plaintiff urged in this suit, the nature and character of which are as follows:

" This deponent was not (nor did ever say to the plaintiff that he was) the consignee of the ship Courier, nor did he ever instruct, request, or authorize the plaintiff to make any advances to any person as stated in his affidavit, nor to buy any such blank form as he has alleged, nor did he ever assume or undertake to pay any sum or sums of money on account of any such advances, or for such blank form, nor for any trouble of said plaintiff, nor did

[Sylva v. Bond.]

he ever in any way whatever render himself liable to said plaintiff for any of said sums.

"The men shipped by plaintiff refused to do duty on board of said vessel before she had reached Newcastle, and behaved in so insubordinate a manner, positively refusing to work, that they were (with the exception of the second mate and cook) imprisoned, and refused and declined to continue the voyage, or to do any work whatever. In consequence of this conduct, the captain refused to pay the bill of plaintiff, and instructed plaintiff to not pay it for him, and deponent being desirous of avoiding any delay of the captain in this city, (the captain having returned for a new crew,) endeavoured to prevail on plaintiff to use his influence with the men he had shipped to persuade them to do the duty for which they were shipped, but he positively refused so to do.

"This affidavit is made without in any way conceding that if none were filed, the plaintiff might recover judgment for want thereof; but on the contrary, with express reservation of all defendant's rights in the premises."

The plaintiff obtained this rule to show cause.

*Dallas*, for rule.
*Guillou*, contra.

Per Curiam.—Whether the defendant will be liable to the plaintiff on a trial on the merits, cannot now be determined. But the plaintiff is not entitled to a judgment under the provisions of the acts of 28th March, 1835, and 11th March, 1836, either for want of an affidavit of defence or for want of a sufficient one. The latter act is confined to *express* contracts for the loan or advance of money. This is not the nature of the contract, if there be any, in this case.

Rule discharged.